
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MARLON TROY DUMARCE, | 1:16-CV-01042-CBK |
| Petitioner, | |
| | ORDER |
| vs. | |
| STATE OF SOUTH DAKOTA, CITY OF SISSETON SOUTH DAKOTA, ROBERTS COUNTY OF SOUTH DAKOTA, | |
| Respondents. | |

    Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to attack his pretrial detention at the Roberts County, South Dakota, jail. He contends he was arrested by either a Sisseton police officer or Roberts County deputy and charged with possession and ingestion. He contends the place where he was stopped is subject to federal jurisdiction, the arresting officer had no jurisdiction, and his detention amounts to kidnapping and false imprisonment. Petitioner contends that, although he has court appointed counsel, he has been in jail since November 2015 and his attorney advised him she did not have time to pursue his jurisdictional challenge. He contends that his motion challenging jurisdiction has been pending since May without any hearing or action. He contends he is being charged the costs for room and board and he has already been detained over 270 days. He requests release from custody and damages for the days he has been illegally held.

    Petitioner requests permission to proceed without the prepayment of fees. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, he is entitled to proceed without the prepayment of fees. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is nonetheless required to pay the statutory filing fee of $5.00 for this action. See 28 U.S.C. § 1914(a).

    This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. There is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), unless principles of

comity and federalism require that a federal district court abstain and not entertain a pretrial habeas challenge. *See* Younger v. Harris, 401 U.S. 37, 43–54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). This Court will not grant habeas relief which would interfere with ongoing state criminal proceedings. However, petitioner's claim is, in essence, that his criminal proceedings are not "ongoing" but that he has been detained since November 2015, and he currently is without the assistance of counsel, despite requests to appointed counsel to pursue his case. To the extent that his petition seeks to attack the fact of his detention and the conditions thereof, I find that extraordinary circumstances exist to entertain petitioner's request for relief.

Now, therefore,

IT IS ORDERED:

1. Petitioner will be allowed to proceed without the prepayment of fees. Petitioner, however, shall pay, through the Clerk of Courts in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The Clerk of Court shall serve by certified mail a copy of the petition and this order upon the respondent Roberts County by service upon a County Commissioner and the Roberts County States Attorney, upon respondent City of Sisseton by service upon a city commissioner and the city attorney, and upon respondent State of South Dakota by service upon the South Dakota Attorney General.

3. Pursuant to 28 U.S.C. § 2243, respondents shall, within five days after service by mail, show cause whether and why the petitioner is detained without jurisdiction and without the effective assistance of counsel.

DATED this 5th day of October, 2016.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge