UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
MAY 31 2017

| | |
|---|---|
| MARLON TROY DUMARCE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, CITY OF SISSETON SOUTH DAKOTA, ROBERTS COUNTY OF SOUTH DAKOTA,<br><br>Defendants. | 1:16-CV-01042-CBK<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to attack his pretrial detention at the Roberts County, South Dakota, jail and the state court charges which were pending against him. He contended in his petition that the place where he was stopped and arrested is subject to federal jurisdiction, the arresting officer had no jurisdiction, and his continued detention is therefore unconstitutional. At the time he filed his petition, he contended that he was without the assistance of counsel to pursue his defense.

I determined that petitioner was represented by counsel in his state court criminal proceedings. I declined to grant habeas relief which would interfere with ongoing state criminal proceedings consistent with Wingo v. Ciccone, 507 F.2d 354 (8th Cir. 1974), and in the interests of comity. Petitioner has filed a notice of appeal of the dismissal of his petition.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order dismissing a petition for a writ of habeas corpus may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner

> demonstrate substantial underlying constitutional claims and is in
> conformity with the meaning of the "substantial showing" standard . . .
> Where a plain procedural bar is present and the district court is correct to
> invoke it to dispose of the case, a reasonable jurist could not conclude
> either that the district court erred in dismissing the petition or that the
> petitioner should be allowed to proceed further. In such a circumstance,
> no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (emphasis supplied). Petitioner did not and has not made a substantial showing that jurists of reason would find it debatable whether the petition was correctly dismissed.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 31st day of May, 2017.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge